1                                                                                                    KM

2    **WO**

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    David Thomas Rhodes,              )      No. CV 08-1164-PHX-DGC (CRP)
                                        )
10            Petitioner,              )      **ORDER**
                                        )
11   vs.                               )
                                        )
12                                     )
     Ricardo E. Chavez,                )
13                                     )
              Respondent.              )
14                                     )
     _____ )

15

16          Petitioner David Thomas Rhodes, who is confined in the Federal Correctional

17   Institution-Phoenix, has filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus

18   by a Person in Federal Custody and an Application to Proceed *In Forma Pauperis*.  The

19   Court will grant the Application to Proceed and will dismiss the Petition and this action.

20   **I.      Petition and Memorandum in Support of Petition**

21          Petitioner has filed, with the Petition, a "Motion for Leave to File an Overlength

22   Memorandum in Support of Writ of Habeas Corpus" and lodged a "Memorandum in Support

23   of Petition."  The Court will grant the Motion and will direct the Clerk of Court to file the

24   lodged Memorandum.

25          Petitioner names FCI-Phoenix Warden Ricardo E. Chavez as Respondent to the

26   Petition. Petitioner challenges his July 18, 1997 judgment of conviction in the United States

27   District Court for the District of Wyoming, case number 96-CV-255-B, for Possession with

28   Intent to Distribute Cocaine.

1    Petitioner alleges that his Fifth Amendment rights were violated because he received

2    ineffective assistance of appellate counsel.

3    **II.    Claims not Properly Brought in a § 2241 Petition**

4    A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate

5    method for challenging a federally imposed conviction or sentence.  28 U.S.C. § 2255;

6    United States v. Hayman, 342 U.S. 205, 217 (1952); Tripati v. Henman, 843 F.2d 1160, 1162

7    (9th Cir.1988).  A § 2241 petition for writ of habeas corpus is not a substitute for a motion

8    under § 2255.  McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

9    A prisoner authorized to apply for § 2255 relief may not bring a § 2241 petition for

10    a writ of habeas corpus if it appears that the applicant has failed to apply for relief, by

11    motion, to the court which sentenced him, or that such court has denied him relief, unless it

12    also appears that the remedy by motion is inadequate or ineffective to test the legality of his

13    detention. 28 U.S.C. § 2255; United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  The

14    burden of coming forward with evidence affirmatively showing the inadequacy or

15    ineffectiveness of the § 2255 remedy rests with the petitioner.  McGhee, 604 F.2d at 10.

16    Furthermore, the "remedy is not inadequate or ineffective under section 2255 merely because

17    the sentencing court denied relief on the merits."  Tripati, 843 F.2d at 1162.

18    In this case, Petitioner argues that although he filed a § 2255 Motion with the

19    sentencing court, which was denied, the § 2255 Motion was inadequate to test the legality

20    of his detention because: (1) the district court did not rule on the merits of the claim, (2) the

21    district court did not rule on the Certificate of Appealability question; and (3) the appellate

22    court erroneously, and without jurisdiction, reached the merits of the Certificate of

23    Appealability question.

24    Contrary to Petitioner's assertions, the sentencing court denied Petitioner's § 2255

25    Motion squarely on the merits.  After consideration of Petitioner's ineffective assistance of

26    counsel claim, the sentencing court determined that "Rhodes's ineffective assistance of

27    counsel claim alleges error in peripheral matters rather than matters central to the case."

28

1  (Pl.'s First Ex. to Mem. at 19.)[1]  The sentencing court further found that, "[i]n light of [the]

2  substantial and damning evidence, the Court finds the alleged errors committed by Rhodes's

3  counsel insufficient to undermine the validity of his conviction" and "based upon the record,

4  the Court also finds Rhodes's appellate counsel's decision not to petition for any rehearing

5  by the Tenth Circuit a sound exercise of his discretion."  (Id. at 20.)

6      Petitioner appears to believe that this finding was in error because he was not granted

7  an evidentiary hearing.  Title 28 U.S.C. § 2255(b) states that "[u]nless the motion and the

8  files and records of the case conclusively show that the prisoner is entitled to no relief, the

9  court shall . . . grant a prompt hearing thereon."  The statute does not require that an

10  evidentiary hearing be held where the files and case records are conclusive.  See Shah v.

11  U.S., 878 F.2d 1156, 1160 (9th Cir. 1989) (a district court judge considering a § 2255 motion

12  was not required to hold an evidentiary hearing; the judge could base his decision on the

13  record that included transcripts, his own recollections of the proceedings, and petitioner's

14  motion).  Accordingly, the sentencing court's failure to conduct an evidentiary hearing does

15  not render § 2255 inadequate to test the legality of Petitioner's detention.

16      Further, Petitioner's claims relating to the issuance of a Certificate of Appealability

17  in the Tenth Circuit Court of Appeals are procedural in nature and do not go to the question

18  of whether § 2255 is adequate or effective to test the legality of Petitioner's detention.

19      The Court therefore finds that Petitioner is precluded from raising his claims in a

20  habeas petition pursuant to 28 U.S.C. § 2241 and will dismiss this action.

21      **IT IS ORDERED**:

22      (1)    Petitioner's July 7, 2008 Motion for Leave to Proceed *In Forma Pauperis*

23  (Doc. #3) is **granted**.

24      (2)    Petitioner's July 7, 2008 Motion for Leave to File Memorandum (Doc. #4) is

25  **granted**; the Clerk of Court must filed the Memorandum (lodged at Doc. #5).

26

27

28  [1]All page number references are to the page numbers that are electronically stamped on documents by the Court's electronic filing system.

1        (3)    The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person

2   in Federal Custody (Doc. #1) and this action are **dismissed**; the Clerk of Court must enter

3   judgment and close the case.

4        DATED this 22nd day of July, 2008.

5

6

7                                       _Daniel G. Campbell_

8                                          David G. Campbell
                                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -