KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Thomas Rhodes,               ) | No. CV 08-1164-PHX-DGC (CRP) |
|                    Petitioner,     ) | **ORDER** |
| vs.                                ) | |
| Ricardo E. Chavez,                 ) | |
|                    Respondent.     ) | |

Petitioner David Thomas Rhodes, who is confined in the Federal Correctional Institution-Phoenix, filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. On July 22, 2008, the Court dismissed the Petition. The Court found that Petitioner's claims could be brought in a § 2255 motion and that Petitioner failed to demonstrate why his § 2255 motion, which was filed with the sentencing court and denied on the merits, was inadequate or ineffective to test the legality of Petitioner's detention.

On July 31, 2008, Petitioner filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e), which the Court denied by order filed August 21, 2008. On October 9, 2008, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Doc. #11) and a Motion for Certificate of Appealability (Doc. #12).

Rule 22(b)(1) of the Rules of Appellate Procedure provides that "[i]n a habeas corpus proceeding in which the detention complained of arises . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues

1 a certificate of appealability under 28 U.S.C. § 2253(c)." Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. See Porter v. Adams, 244 F.3d 1006 (9th. 2001).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] substantial showing of the denial of a constitutional right . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Turner v. Calderon, 281 F.3d 851, 865 (9th Cir. 2002). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In the order dismissing the action, this Court found that Petitioner's claim challenged the legality of Petitioner's conviction and sentence in the United States District Court for the District of Wyoming. Because the claim can be raised in a § 2255 motion, see 28 U.S.C. § 2255 and Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), the Court found that Petitioner is precluded from raising the claim in a habeas petition pursuant to 28 U.S.C. § 2241 and that Petitioner failed to show that a § 2255 motion was inadequate or ineffective for testing the validity of Petitioner's conviction and sentence.

The Court finds that Petitioner has not demonstrated that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling, as required to issue a certificate of appealability. The Court will therefore deny Petitioner's Motion for Certificate of Appealability.

1 **IT IS ORDERED**:

2     (1)    Petitioner's October 9, 2008 Motion for Certificate of Appealability (Doc. #12)
3 is **denied**.

4     (2)    The Clerk of Court must forward of a copy of this order to the Ninth Circuit
5 Court of Appeals.

6     DATED this 3rd day of December, 2008.

*[signature]*

David G. Campbell
United States District Judge